UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELIZABETH KERWIN, Regional Director**
**Seventh Region of the National Labor Relations Board,**
**for and on behalf of the**
**NATIONAL LABOR RELATIONS BOARD**

      Petitioner

v.                                                                  CIVIL Case No. _____

**STARBUCKS CORPORATION**

      Respondent

## EXPEDITED CONSIDERATION REQUESTED

## PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

To the Honorable Judges of the United States District Court for the Eastern District of Michigan:

Elizabeth Kerwin, Regional Director of the Seventh Region of the National Labor Relations Board [Board], petitions this Court for and on behalf of the Board pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. §160(j)] [the Act] for appropriate injunctive relief pending the final disposition of the matters

before the Board based upon the Consolidated Complaint issued by the General Counsel of the Board, alleging that Starbucks Corporation [Respondent] has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act. In support, Petitioner states:

1. Petitioner is the Regional Director of Region 7 of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act. 29 U.S.C. Sec 160(j).

3. On September 2, 2022, and March 27, 2023, respectively, Workers United [the Union] pursuant to provisions of the Act, filed with the Board the original and amended charge in NLRB Case 07-CA-302784, and, on January 31, 2023, the charge in NLRB Case 07-CA-311198, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the mearing of Section 8(a)(1) and (3) of the Act. Copies of the charges are attached as Exhibit 1.

4. The charges were referred to Petitioner as Regional Director of the Seventh Region of the Board.

5. On September 22, 2023, the General Counsel of the Board, by the Petitioner, on behalf of the Board, pursuant to Section 10(b) of the Act, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing in Cases 07-CA-302784 and 07-CA-311198. A copy of the Consolidated Complaint is attached as Exhibit 2.

6. On November 13, 2023, an administrative hearing opened on the allegations of the Consolidated Complaint in Detroit, Michigan before Administrative Law Judge Paul Bogas. The hearing reconvened on January 8, 2024.

7. There is reasonable cause to believe that the allegations in the Consolidated Complaint are true and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

8. At all material times, Respondent has been a Washington corporation with its principal office and place of business in Seattle, Washington, and with stores located throughout the United States, including a store located at 4585 Washtenaw Road, Ann Arbor, Michigan (Washtenaw facility) and has been engaged in operating restaurants selling food and beverages.

9(a). In conducting its operations during the calendar year ending December 2022 Respondent derived gross revenues in excess of $500,000.

9(b). During the period described above in paragraph 9(a), Respondent purchased and received at its Washtenaw facility, products, goods, and materials valued in excess of $5,000 directly from points outside the State of Michigan.

10. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

11. At all material times, the Charging Party has been a labor organization within the meaning of Section 2(5) of the Act.

12. At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

> Essa Alessa – Store Manager
> Paige Schmehl – District Manager
> Kip Magnan – District Manager
> May Gonzales – District Manager
> Kevin Johnson – Former President and CEO
> Howard Schultz – President and CEO

13. Since at least February 2, 2022, and continuing to date, Respondent, via its Partner Guide, has promulgated and maintained the following work rules:

(a) How we communicate: Partners are expected to communicate with other partners and customers in a professional and respectful manner at all times. [Page 43].

(b) Commitment to a respectful workplace: We treat each other with dignity and respect and connect with transparency. [Page 22].

14(a). On May 2, 2022, Respondent issued a disciplinary warning to Alexandra "Sasha" Anisimova.

14(b). Respondent engaged in the conduct described in paragraph 14(a) because Anisimova assisted the Charging Party and engaged in concerted activities, and to discourage employees from engaging in these activities.

15(a). On about September 2, 2022, Respondent discharged Alexandra "Sasha" Anisimova.

15(b). Respondent engaged in the conduct described in paragraph 15(a) because Anisimova assisted the Charging Party and engaged in concerted activities, and to discourage employees from engaging in these activities.

15(c). Respondent engaged in the conduct described in paragraph 15(a) because Anisimova allegedly violated the rule described above in paragraph 13(b) and to discourage employees from engaging in these or other concerted activities.

16(a). On about October 28, 2022, Respondent discharged Asher Ramirez.

16(b).   Respondent engaged in the conduct described above in paragraph 16(a) because Asher Ramirez assisted the Charging Party and engaged in concerted activities, and to discourage employees from engaging in these activities.

17.   By the conduct described above in paragraphs 13 through 16, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

18.   By the conduct described above in paragraphs 14(a), 14(b), 15(a), 15(b), and 16, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

19.   The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

20.   Upon information and belief, it may be fairly anticipated that, unless enjoined, Respondent will continue to engage in the conduct set forth

in paragraphs 13 through 16, or similar acts, in violation of Section 8(a)(1) and (3) of the Act.

21. Upon information and belief, unless the continuation of the aforementioned unfair labor practices is immediately restrained, a serious abrogation of the rights guaranteed and the underlying public policies served by the Act will continue. As a result, the enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order and enforcement decree. Unless injunctive relief is immediately obtained, it is anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board and during subsequent proceedings before a Court of Appeals for an enforcement decree, with the result that employees will continue to be deprived of their fundamental right to organize for the purpose of collective bargaining, as guaranteed in the Act.

22. Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just and proper, for

the purposes of effectuating the polices of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved here pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar or related acts or conduct or repetitions thereof.

23. No previous application has been made for the relief requested herein.

24. Pursuant to the District Court's Local Rule 7.1, on December 27, 2023, Petitioner, through counsel, explained the nature of its Petition to Respondent's counsel and its legal basis, and requested, but did not obtain, concurrence in the relief sought.

**WHEREFORE**, Petitioner seeks the following relief:

1. That the Court issue an order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining

Respondent, its officers, representatives, agents, employees, attorneys, and all persons acting in concert or participation with them, pending final disposition of the matters involved here pending before the Board from:

    a.    Discharging employees at any of its stores in the United States and its territories for supporting the Union or any other labor organization; and

    b.    in any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under Section 7 of the Act at any of Respondent's stores in the United States and its territories.

    c.    That the Court issue an affirmative order directing Respondent, its officers, representatives, agents, employees, attorneys, and all persons acting in concert or participation with it, pending final disposition of the matters involved herein pending before the Board, to within five (5) days of the district court's order, offer, in writing, interim reinstatement of Alexandra "Sasha" Anisimova and Asher Ramirez to their former positions, or if those positions no longer exist, to substantially equivalent positions

without prejudice to their seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employee who may have been hired or reassigned to replace them;

    d.    immediately rescind, on an interim basis, the unlawful discharges issued to Alexandra "Sasha" Anisimova and Asher Ramirez, and do not rely on the discharges in assessing any future disciplinary actions pending Board adjudication;

    e.    within seven (7) days from the date of the District Court's Order, the Employer shall:

        i.    Post physical copies of the District Court's Order setting forth the relief granted at the Employer's store located at 4585 Washtenaw Avenue, Ann Arbor, Michigan, as well as translations in other languages as necessary to ensure effective communication to the Employer's employees as determined by the Board's Regional Director of Region 7, said translations to be provided by the Employer at the Employer's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where the Employer typically posts notices to its employees at the Ann Arbor, Michigan store; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents

of the Board reasonable access to its worksite to monitor compliance with this posting requirement;

ii. Distribute electronic copies of the District Court's Order setting forth the relief granted, as well as translations in other languages as necessary to ensure effective communication to the Employer's employees as determined by the Board's Regional Director of Region 7 said translations to be provided by the Employer at the Employer's expense and approved by the Regional Director, to all employees employed by the Employer in the United States and its Territories via the Partner Hub, and all other intranet or internet sites or apps that the Employer uses to communicate with employees;

iii. Convene one or more mandatory meetings, on working time and at times when the Employer customarily holds employee meetings and scheduled to ensure the widest possible attendance, at the Employer's store located at 4585 Washtenaw Avenue, Ann Arbor, Michigan, during which the District Court's Order setting forth the relief granted will be read by a responsible Employer agent to all employees, supervisors, managers, and agents, or at the Employer's option, by an agent of the Board in English. The Employer shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a representative present when the Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at the Employer's expense. The Employer shall announce the meeting(s) for the Order reading in the same manner it would customarily announce a

        meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. The Employer shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

    iv.    Distribute electronic copies of a high-level Employer official (in the presence of a Board agent) or a Board agent (in the presence of a high-level Employer official) reading the District Court's Order, on its Partner Hub and all other intranet or internet sites or apps that the Employer uses to communicate with employees, such that the video can be accessed by employees at all of its stores in the United States and its Territories.

    f.    Within twenty (20) days of the issuance of the District Court's Decision and Order, file with the District Court, with a copy sent to the Regional Director of the Board for Region 7, a sworn affidavit from a responsible Employer official setting forth with specificity the manner in which the Employer has complied with the terms of the Court's decree, including how and where the documents have been posted, and the date(s), time(s), and location(s) that the Order was read to employees and by whom, as required by the Court's Order.

    g.    That the Court grant such other and further relief as may be just and proper.

Dated this 12th day of January 2024 in Detroit, Michigan.

    Respectfully submitted,

*/s/ Elizabeth Kerwin*
Elizabeth Kerwin, Regional Director
National Labor Relations Board, Region 7
Patrick V. McNamara Building
477 Michigan Avenue, Room 300
Detroit, MI 48226

*/s/ Steven E. Carlson*
Steven E. Carlson, Counsel for Petitioner
National Labor Relations Board, Region 7
Gerald R. Ford Federal Building
110 Michigan Street, NW, Room 299
Grand Rapids, MI 49503
Telephone: 616-930-9160
E-Mail: steven.carlson@NLRB.gov
Bar No. P58196