UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION SEVEN

**STARBUCKS CORPORATION**

        **Respondent**

   **and**                                                  **Cases 07-CA-302784**
                                                                           07-CA-311198

**WORKERS UNITED**

        **Charging Party**

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

      Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 07-CA-302784 and 07-CA-311198, which are based on charges filed by the Charging Party against Respondent, are consolidated.

      This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq. and Section 102.15 of the Rules and Regulations and alleges Respondent has violated the Act as described below.

      1.    (a)    The charge in Case 07-CA-302784 was filed by the Charging Party on September 2, 2022, and a copy was served on Respondent by U.S. mail on September 7, 2022.

           (b)    The amended charge in Case 07-CA-302784 was filed by the Charging Party on March 27, 2023, and a copy was served on Respondent by U.S. mail on the same date.

      2.    The charge in Case 07-CA-311198 was filed by the Charging Party on January 31, 2023, and a copy was served on Respondent by U.S. mail on the same date.

      3.    At all material times, Respondent has been a Washington corporation with its principal office and place of business in Seattle, Washington, and with stores located throughout the United States, including a store located at 4585 Washtenaw Road, Ann Arbor, Michigan (Washtenaw facility) and has been engaged in operating restaurants selling food and beverages.

      4.    (a)    In conducting its operations during the calendar year ending December 31, 2022, Respondent derived gross revenues in excess of $500,000.

(b) During the period described above in paragraph 4(a), Respondent purchased and received at its Washtenaw facility, products, goods, and materials valued in excess of $5,000 directly from points outside the State of Michigan.

5. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

6. At all material times, the Charging Party has been a labor organization within the meaning of Section 2(5) of the Act.

7. At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

    Essa Alessa ----------Store Manager at Washtenaw store
    Paige Schmehl-------District Manager
    Kip Magnan----------District Manager
    May Gonzales--------District Manager
    Kevin Johnson ------ Former President and CEO
    Howard Schultz ---- President and CEO

8. Since at least February 2, 2022, and continuing to date, Respondent, via its Partner Guide, has promulgated and maintained the following work rules:

(a) How we communicate: Partners are expected to communicate with other partners and customers in a professional and respectful manner at all times. (Page 43)

(b) Commitment to a respectful workplace: We treat each other with dignity and respect and connect with transparency. (page 22)

9. (a) On May 2, 2022, Respondent issued a disciplinary warning to Alexandra "Sasha" Anisimova.

(b) Respondent engaged in the conduct described in paragraph 9(a) because Anisimova assisted the Charging Party and engaged in concerted activities, and to discourage employees from engaging in these activities.

(c) Respondent engaged in the conduct described in paragraph 9(a) because Anisimova allegedly violated the rule described above in paragraph 8(a) and to discourage employees from engaging in these or other concerted activities.

10. (a) On about September 2, 2022, Respondent discharged Alexandra "Sasha" Anisimova.

(b) Respondent engaged in the conduct described in paragraph 10(a) because Anisimova assisted the Charging Party and engaged in concerted activities, and to discourage employees from engaging in these activities.

(c) Respondent engaged in the conduct described in paragraph 10(a) because Anisimova allegedly violated the rule described above in paragraph 8(b) and to discourage employees from engaging in these or other concerted activities.

11. (a) On about October 28, 2022, Respondent discharged Asher Ramirez.

(b) Respondent engaged in the conduct described above in paragraph 11(a) because Asher Ramirez assisted the Charging Party and engaged in concerted activities, and to discourage employees from engaging in these activities.

12. By the conduct described above in paragraphs 8, 9, 10, and 11, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

13. By the conduct described above in paragraphs 9(a), 9(b), 10(a), 10(b), and 11, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

14. The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

**WHEREFORE**, it is prayed that Respondent be ordered to:

1. Cease and desist from:

(a) Engaging in the conduct described in paragraphs 8, 9, 10, and 11, or in any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed in Section 7 of the Act.

(b) Engaging in the conduct described in paragraphs 9(a), 9(b), 10(a), 10(b), and 11, or in any like or related manner discriminating in regard to the hire or tenure or terms and conditions of employment of its employees thereby discouraging membership in a labor organization in violation of Section 8(a)(3) of the Act.

2. Take the following affirmative action:

(a) Rescind the rules described in paragraph 8 and advise employees in writing of such rescission.

(b) Rescind any and all directives and disciplines issued to employees as a result of the enforcement of the overly broad rules described in paragraph 8, and notify such employees, in writing, that this has been done and that the disciplines will not be used against

them in any way and make whole those employees for any loss of earnings and benefits, and consequential damages they suffered, including direct or foreseeable pecuniary harms suffered, plus interest computed in accordance with Board policy, plus reasonable search for work and interim employment expenses, due to the discipline imposed relating to the rules.

   (c) Offer Alexandra "Sasha" Anisimova and Asher Ramirez immediate reinstatement to their former positions, or if their respective positions no longer exist, to substantially equivalent positions, without prejudice to either's seniority or other rights and privileges previously enjoyed if not for the discrimination against them.

   (d) Rescind the discipline and discharge of Alexandra "Sasha" Anisimova and the discharge of Asher Ramirez and expunge any reference to the discipline and discharge of Anisimova and the discharge of Ramirez from its files and records, and notify them and the Charging Party, individually in writing, that it has done so and that their respective discipline and discharge will not be used against them in any way.

   (e) Make Alexandra "Sasha" Anisimova and Asher Ramirez whole for any loss of wages and benefits they suffered as a result of Respondent's unlawful discrimination against them by payment of backpay, plus reasonable search-for-work and interim employment expenses and compensate them for the adverse tax consequences, if any, of receiving one or more lump-sum backpay awards covering periods longer than one year, with interest computed in accordance with Board policy. The General Counsel further seeks as part of the remedy as a result of the discrimination against them that Respondent be required to submit to the Regional Director the W-2 document reflecting backpay paid to them.

   (f) In order to fully remedy the unfair labor practices, set forth above, the General Counsel seeks an order requiring that Alexandra "Sasha" Anisimova and Asher Ramirez be made whole for any loss of earnings and benefits, and consequential damages they suffered, including direct or foreseeable pecuniary harms suffered, plus interest computed in accordance with Board policy, plus reasonable search for work and interim employment expenses, as a result of Respondent's unlawful conduct.

   (g) Pay Alexandra "Sasha" Anisimova and Asher Ramirez front pay should either waive their right to reinstatement to their former position(s).

   (h) Hold a meeting or meetings during worktime at the Washtenaw facility, scheduled to ensure the widest possible attendance of employees, at which the Notice to Employees and Explanation of Rights will be distributed to all employees at the Respondent's expense and read aloud by a high-ranking management official of the Respondent in the presence of a Board agent and an agent of the Charging Party, or, at Respondent's option, have a Board agent read the Notice to Employees and Explanation of Rights to the employees in the presence of a high-ranking management official in the presence of an agent of the Charging Party and make a video recording of the reading of the Notice to Employees and Explanation of Rights, with the recording being distributed to employees by electronic means or by mail.

        (i)       Physically post the Notice to Employees and Explanation of Rights at all of Respondent's facilities in the United States and its Territories.

        (j)       Electronically distribute the Notice to Employees and Explanation of Rights to all employees employed by Respondent in the United States and its Territories by text messaging, posting on social media websites, and posting on internal apps and intranet websites, if Respondent communicates with its employees by such means.

The General Counsel further prays for such other relief as may be just and proper to remedy the unfair labor practices herein alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the consolidated complaint. The answer must be **received by this office on or before October 6, 2023, or postmarked on or before October 5, 2023**. Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **Monday, November 13, 2023, at 11:00 a.m. at Patrick V. McNamara Federal Building 477 Michigan Avenue, Room 05-200 Detroit, Michigan** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other

party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  September 22, 2023

*Erikson C. N. Karmol*
Erikson C. N. Karmol, Acting Regional Director
National Labor Relations Board, Region 07
Patrick V. McNamara Federal Building
477 Michigan Avenue, Room 05-200
Detroit, MI 48226

Attachments