# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Elizabeth Kerwin, Regional
Director of the Seventh Region of
the National Labor Relations
Board, for and on behalf of the
National Labor Relations Board,

Petitioner,

v.

Starbucks Corporation,

Respondent.

_____/

Case No. 24-cv-10093

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

## ORDER GRANTING WORKERS UNITED'S
## MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE [15]

Before the Court is a motion for leave to appear as amicus curiae filed by Workers United. (ECF No. 15.) Workers United requests permission to participate in oral argument, file briefs, and examine witnesses during any hearings. Workers United indicates in its motion that Petitioner Elizabeth Kerwin, Regional Director of the Seventh Region of the National Labor Relations Board, "does [not] oppose [the] request for amicus status or the requested scope of participation." (*Id.*

at PageID.171.) Workers United also indicates that Respondent Starbucks Corporation "does not oppose [Workers United's] motion to participate as amicus 'with the right to participate as determined and approved by the court.'" (*Id.*)

An amicus curiae is traditionally a non-party that becomes involved in a judicial proceeding to assist a court by providing information. *United States v. State of Mich.*, 940 F.2d 143, 164 (6th Cir. 1991). "Its [initial] purpose was to provide *impartial* information on matters of law about which there was doubt, especially in matters of public interest." *Id.* (emphasis in original) (internal citations omitted). "Over the years, however, some courts have departed from the orthodoxy of amicus curiae as an impartial friend of the court and have recognized a *very limited* adversary support of given issues through brief and/or oral argument." *Id.* at 165 (emphasis in original) (internal citations omitted).

"[A]micus has been consistently precluded from . . . participating and assuming control of the controversy in a totally adversarial fashion." *Id.* (internal citations omitted). "Amicus . . . has never been recognized, elevated to, or accorded the full litigating status of a named

2

party or a real party in interest" or of an intervening party under Federal Rule of Civil Procedure 24. *Id.*; *see id.* at 166 ("Only a named party or an intervening real party in interest is entitled to litigate on the merits . . . ." (internal citations omitted)).

"[P]articipation as an amicus to brief and argue as a friend of the court" is "a privilege within the sound discretion of the courts." *Id.* at 165 (internal quotation marks and citations omitted). The decision to allow amicus participation "depend[s] upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *Id.* (internal citation omitted).

In its motion, Workers United states that it "can be of . . . assistance in this case" by "call[ing] to the Court's attention law, facts or other circumstances that may otherwise escape consideration." (ECF No. 15, PageID.176.) In addition, Workers United states that its participation as an amicus curiae "would assist in a complete and plenary presentation of a number of complex legal issues to this court." (*Id.*)

The Court finds that the information Workers United offers to provide would be useful to the Court in deciding Petitioner's request for

3

a preliminary injunction under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). (ECF No. 1.) Moreover, the Court notes that neither party opposes Workers United's motion. Accordingly, the Court GRANTS Workers United leave to appear as an amicus curiae.

As an amicus, Workers United's involvement in this case is subject to the restrictions on amicus participation discussed above. In light of those restrictions, the scope of its participation as an amicus is limited to taking part in oral argument and filing briefs. If Workers United wishes to examine witnesses during hearings, it must seek permission to do so from the Court on a case-by-case basis.

IT IS SO ORDERED.

Dated: February 5, 2024　　　　s/Judith E. Levy
　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2024.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager