# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ELIZABETH KERWIN, Regional Director Seventh Region of the National Labor Relations Board, for and on behalf of THE NATIONAL LABOR RELATIONS BOARD,

    Petitioner,

vs.

STARBUCKS CORPORATION,

    Respondent.

Case No.: 5:24-cv-10093

Hon. Judith E. Levy

Mag. Judge David R. Grand

---

Elizabeth Kerwin, Regional Director
NATIONAL LABOR RELATIONS BOARD, Region 7
477 Michigan Avenue, Room 300
Detroit, Michigan 48226

Steven E. Carlson (P58196)
NATIONAL LABOR RELATIONS BOARD, Region 7
110 Michigan Street, NW, Room 299
Grand Rapids, Michigan 49503
Telephone: 616.930.9160
steven.carlson@nlrb.gov

*Attorneys for Petitioner*

Jeffrey S. Hiller (OH #0081533)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, Ohio 43215
Telephone: 614.463.4201
jhiller@littler.com

Adam Paul Tuzzo (WI #1089623)
LITTLER MENDELSON, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Telephone: 414.291.5536
atuzzo@littler.com

*Attorneys for Respondent*

---

## **RESPONDENT'S MOTION TO STAY**

Respondent Starbucks Corporation ("Starbucks") moves the Court to stay this action pending the outcome of the United States Supreme Court's decision in *Starbucks Corp. v. McKinney*, 23-367. On May 1, 2024, Starbucks conferred with Petitioner's counsel to seek Petitioner's concurrence in this motion, which Petitioner declined on May 3, 2024.

## BRIEF IN SUPPORT OF MOTION TO STAY

In *Starbucks Corp. v. McKinney*, 23-367, the United States Supreme Court held oral argument on Tuesday, April 23, 2024. That case will decide the appropriate standard for this Court to apply in a Section 10(j) petition, including whether to apply the traditional four-factor test under *Winter v. NRDC*, 555 U.S. 7 (2008). That case may also bear upon what deference, if any, district courts should give to National Labor Relations Board ("Board") determinations of facts or legal theories when deciding Section 10(j) petitions. A decision is anticipated in late June 2024.

In *McKinney v. Starbucks Corp.*, 77 F.4th 391, 397 (6th Cir. 2023), the Sixth Circuit applied its two-factor test for Section 10(j) cases. But this two-factor test fails to appropriately account for the public interest or the balance of equities and alters the standards for the likelihood of success on the merits and irreparable harm factors. During oral argument at the Supreme Court, counsel for the Board conceded that the four equitable factors should apply and agreed "that the real question in dispute is whether the likelihood of success inquiry is ratcheted down somewhat," as well as how the other three factors are applied. https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/23-367_hfci.pdf at pp. 60-61.

Further, in *McKinney*, the Sixth Circuit declined to engage in fact-finding:

> In reviewing the supporting facts, a district court may not resolve conflicting evidence or make credibility

3

> determinations. *Muffley ex rel. NLRB v. Voith Indus. Servs., Inc.*, 551 F. App'x 825, 830 (6th Cir. 2014); *see Ahearn*, 351 F.3d at 237 ("[F]act-finding is inappropriate in the context of a district court's consideration of a 10(j) petition.").

*McKinney*, 77 F.4th at 397. But at the Supreme Court, the Board conceded "that statement on its own is" wrong and "we agree that some fact-finding is permissible." https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/23-367_hfci.pdf at pp. 41-42.

The applicable standard will also guide the scope of discovery, which this Court is presently considering based on the two-factor test. If the Supreme Court rules in Starbucks' favor and instructs that a four-factor test should apply, then such a ruling could broaden the scope of permissible discovery and interim efforts to take written discovery and depose witnesses may need to be revisited to account for broader fact-finding on the merits and discovery regarding the public interest and balance of equities factors. The Court should await the Supreme Court's guidance on the correct legal standard to avoid repetition and waste of the non-parties', parties', and Court's resources.

Starbucks' motion to stay should be granted for the reasons set forth above.

Dated: May 6, 2024

/s/ *Jeffrey S. Hiller*
Jeffrey S. Hiller (OH #0081533)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Telephone: 614.463.4230
Facsimile: 614.573.7475
jhiller@littler.com

Adam Paul Tuzzo (WI #1089623)
LITTLER MENDELSON, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Telephone: 414.291.5536
atuzzo@littler.com

Attorneys for Starbucks Corporation

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on May 6, 2024, via:

|   |   |   |   |
|---|---|---|---|
| _____ | U.S. Mail | _____ | Facsimile |
| __X__ | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

/s/ *Jeffrey S. Hiller*
Jeffrey S. Hiller

4863-2944-2236.1 / 800000-9204

5