UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL LABOR RELATIONS BOARD,       Case No. 24-10093

    Petitioner,      F. Kay Behm
v.      United States District Judge

STARBUCKS CORPORATION,

    Respondent.
_____/

**ORDER DENYING MOTIONS WITHOUT PREJUDICE (ECF Nos. 29, 28)**
**GRANTING MOTION TO QUASH WITHOUT PREUDICE (ECF No. 40)**
<u>**and DENYING MOTION TO STAY AS MOOT (ECF No. 42)**</u>

**I.   PROCEDURAL HISTORY**

On January 12, 2024, Petitioner, the National Labor Relations Board (NLRB), filed a petition for preliminary injunction 29 U.S.C. § 160(j) (§ 10(j)), seeking an order requiring Respondent, Starbucks Corporation, to rescind the discharges of former employees Alexandra Anisimova and Asher Ramirez and order their interim reinstatements, among other relief.  (ECF Nos. 1, 11, 12).  District Judge Judith E. Levy, to whom this matter was previously assigned, granted Workers United (the Union) permission to appear as *amicus curiae*.  (ECF No. 19). Starbucks filed a response on February 6, 2024.  (ECF No. 20).  Judge Levy also granted the NLRB permission to file the administrative record.  (ECF No. 26).  The parties then filed competing motions regarding how this matter should proceed.

1

(ECF Nos. 28, 29). The NLRB advocated trying the petition on the administrative record alone while Starbucks moved for discovery and an evidentiary hearing. *Id*. Additionally, the Union filed a motion to quash a subpoena Starbucks served on union organizer Matthew Kain. (ECF No. 40). Finally, Starbucks filed a motion to stay proceedings pending a decision from the United States Supreme Court in *Starbucks v. McKinney*, a matter on appeal from the Sixth Circuit, and which governs the standard applicable to preliminary injunctions under § 10(j). (ECF No. 42).

On May 23, 2024, the NLRB filed a copy of the May 21, 2024 Decision and Recommended Order of the Administrative Law Judge in the two underlying cases. (ECF No. 45). The ALJ found that Starbucks violated the NLRA as to Alexandra Anisimova but found no discrimination regarding Asher Ramirez. *Id*. Accordingly, the NLRB agrees to limit the proposed scope of the relief it seeks to Anisimova only. *Id*.

**II.    DISCUSSION AND RELIEF**

As an initial matter, the motion to stay (ECF No. 42) is **DENIED** as moot, given that the Supreme Court issued its decision on June 13, 2024 in *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570; 219 L. Ed. 2d 99 (2024). In *McKinney*, the Court rejected the Sixth Circuit's standard in § 10(j) cases and held that § 10(j) petitions must be evaluated under the traditional four factor test for preliminary

injunctions it articulated in *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7 (2008) and not the two-factor test applied by the Sixth Circuit. The parties agree that this matter must be re-briefed to apply the standards set forth in *McKinney*. (ECF Nos. 48, 49).

Starbucks also asks the court to permit discovery after it has the opportunity to review Petitioner's supplemental brief, so that it fully understands the factual and legal bases on which Petitioner seeks to proceed, before it formulates its discovery requests. (ECF No. 49). More specifically:

> Starbucks requests that it be permitted discovery that reflects the non-deferential, four-factor standard that now applies to this case. Limitations Judge Levy placed on Starbucks's discovery were made based on the Sixth Circuit's now inapplicable two-factor test for Section 10(j) cases, which was overturned by *McKinney*. Starbucks intends to pursue discovery on each of the four equitable factors and requests an opportunity to confer with Petitioner, as well as the Union regarding the proper scope and focus of discovery and an appropriate protective order, present them with the subpoenas and discovery it intends to take, and submit any necessary briefs to the Court on issues that may be raised by such discovery requests.

*Id.*

In the court's view, given the import of *McKinney*, the parties must submit supplemental briefing in support of and in opposition to the petition for injunctive relief. Additionally, the court finds it appropriate for the parties to confer about

3

the scope of discovery. Accordingly, the parties' competing motions about whether this matter will be decided on the administrative record or after discovery and an evidentiary hearing (ECF Nos. 28 and 29) are **DENIED** without prejudice. Further, given that Starbucks seeks to confer with the Union about the scope of discovery and breadth of any subpoenas it may issue, the motion to quash (ECF No. 40) is **GRANTED** without prejudice as to Starbucks' ability to issue new subpoenas after the parties (and the Union) meet and confer regarding discovery.

    Within 14 days of entry of this Order, the parties are directed to meet and confer regarding a supplemental briefing schedule and a time frame within which to discuss the scope and focus of discovery. The parties should submit a stipulation and proposed order regarding the supplemental briefing schedule within 21 days of entry of this Order. The parties are encouraged to contact the court regarding setting a status or scheduling conference to assist with resolving any scheduling or discovery issues.

    **SO ORDERED**.

Date: September 6, 2024                  s/F. Kay Behm
                                                                     F. Kay Behm
                                                                       United States District Judge